the appeal. For this reason the motion to affirm is sustained. and the cause remanded, with direction to the trial court to cause its judgment to be carried into execution.

---

BERT ELLIOTT v. STATE.

No. A-3093. Opinion Filed April 10, 1919.

Appeal from District Court, Carter County;

W. F. Freeman, Judge.

Bert Elliott, convicted of a felony, appeals. Reversed.

R. F. Turner, for plaintiff in error.

The Attorney General and W. C. Hall, Asst. Atty. Gen., for the State.

PER CURIAM. Plaintiff in error, Bert Elliott, was convicted in the district court of Carter county of keeping a place in the town of Wirt with the felonious intent and purpose of selling intoxicating liquors, and his punishment fixed at imprisonment for two years and a fine of $50. To reverse the judgment rendered on the verdict, he appeals.

In the case of Proctor v. State, 15 Okla. Cr. 338, 176 Pac. 771, the statute upon which this prosecution is based was held unconstitutional and void. For the reasons stated in the opinion in that case, the judgment is reversed.

---

WILLIE MANN v. STATE.

No. A-3181. Opinion Filed April 10, 1919.

Appeal from County Court, Coal County;

C. M. Threadgill, Judge.

Willie Mann was convicted of the crime of selling intoxicating liquor, and sentenced to pay a fine of $50 and to serve thirty days confinement in the county jail, and appeals. Affirmed.

PER CURIAM. This cause has been pending on appeal in this court since the 1st day of November, 1917. No brief has been filed in behalf of plaintiff in error. nor was any appearance made to orally argue this cause at the time same was submitted.

Rule IX of this court provides:

"When no counsel appears, and no briefs are filed, the court will examine the pleadings, the instructions of the court and the exceptions taken thereto, and the judgment and sentence, and if no prejudicial error appears, will affirm the judgment."

After a careful examination of the record, the court finds no error sufficiently prejudicial to authorize a reversal of this judgment, and the same is affirmed.

---

## HENRY GRADER v. STATE.

No. A-3180.    Opinion Filed April 10, 1919.

Appeal from County Court, Coal County;

George Trice, Special Judge.

Henry Grader was convicted of the crime of unlawful possession of intoxicating liquor, and sentenced to pay a fine of $50 and to serve thirty days' confinement in the county jail, and appeals. Affirmed.

PER CURIAM. This cause has been pending on appeal in this court since the 1st day of November. 1917. No brief has been filed in behalf of plaintiff in error, nor was any appearance made to orally argue this cause at the time same was submitted.

Rule IX of this court provides:

"When no counsel appears, and no briefs are filed, the court will examine the pleadings, the instructions of the court and the exceptions taken thereto, and the judgment and sentence, and if no prejudicial error appears, will affirm the judgment."

After a careful examination of the record, the court finds no error sufficiently prejudicial to authorize a reversal of this judgment, and the same is affirmed.

---

## BELLE VENTERS v. STATE.

No. A-3218.    Opinion Filed April 12, 1919.

Appeal from County Court, Pittsburg County;

S. F. Brown, Judge.

Belle Venters, convicted of a violation of the prohibitory liquor law, appeals. Dismissed.

W. N. Redwine, for plaintiff in error.

W. C. Hall, Asst. Atty. Gen., for the State.

PER CURIAM. Plaintiff in error, Belle Venters, was convicted in the county court of Pittsburg county on an indictment returned by a grand jury in the district court of said county and duly transferred to said county court, and in pursuance of the judgment she was sentenced to be confined for thirty days in the county jail and to pay a fine of $100. An appeal was perfected by filing in this court on December 7, 1917, a petition in error with case-made.

When the case was called for final submission, plaintiff in error, by her counsel of record, moved the court to dismiss the appeal, which motion is sustained and the cause is remanded to the trial court, with direction to carry into execution the judgment and sentence.